[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF-HUSBAND'S MOTION FOR MODIFICATION DEFENDANT-WIFE'S MOTION FOR CONTEMPT
The marriage of the parties was dissolved on November 8, 1991 by State Trial Referee Margaret Driscoll. At that time the court ordered, inter alia, the plaintiff husband to pay the defendant wife weekly support of $195.38 for the two minor children and weekly alimony of $150.00 until her death, remarriage or cohabitation as set forth in 46b-86(b).
The husband appealed this decision on November 26, 1991 and moved the trial court to stay the financial orders for alimony CT Page 4585 and support. The trial court denied same as to alimony and support on February 18, 1992. Plaintiff's Motion For Review dated March 3, 1992, requested reversal of the denial of the Motion For Stay. Plaintiff's Motion For Review was denied by the Appellate Court on April 8, 1992.
The plaintiff husband has also filed this motion for modification dated March 3, 1992, claiming that the husband has experienced a substantial change of circumstances since the orders were entered four months ago on November 8, 1991.
The plaintiff's July 11, 1991 financial affidavit which was considered by the trial court reflects a total weekly net income of $290.00. He lists weekly expenses of $308.00 and shows liabilities of $4,682.00 with assets of $43,235.00. The plaintiff's most recent financial affidavit dated March 26, 1992 shows $354.00 as net weekly income. The gross income shown on each financial affidavit is an identical $420.00. The current net income of $354.00 is higher than the $290.00 net weekly income reported by the husband at the time of trial and considered in the present court orders the plaintiff is here attempting to modify. The plaintiff's current weekly expenses of $480.00 is higher than the $308.00 at the time of trial. However, $150.00 of this amount is for the alimony payments he was ordered to make by the decision he now attempts to modify.
Plaintiff's present assets are listed at $26,158.00 which is approximately $17,000.00 less than the $43,235.00 he showed prior to trial. This difference, however, is accounted for by his not presently listing the 1/24th interest or $28,583.00 he formerly attributed to the 450 Monroe Turnpike property which he now claims to have sold to his parents.
Plaintiff's total liabilities were $4,682.00 at the time of trial and are now listed at 28,567.00. This is more than accounted for by the more than $22,000.00 he presently shows as owed to the defendant as a result of the decision he is now appealing and a $6,456.00 attorney fee presumably incurred for legal services rendered in the dissolution action and pending appeal. Any changes in the husband's financial situation were either caused in large part by the dissolution itself or by the husband's own voluntary actions.
With the changes noted by the court, there is no substantial difference between the plaintiff's pre-trial financial affidavit of July 11, 1991 and his current financial affidavit of March 26, 1992.
The trial court states on page five of its November 8, 1991 decision that "the evidence concerning the plaintiff's assets CT Page 4586 and income appear seriously understated." The court then spreads upon the record in the next several pages a detailed analysis as to why it felt that the plaintiff's assets should be increased. On page nine the trial court further states "moreover, as was set forth above, his earnings appear also to be understated" and found that his earning capacity was at least $150.00 more than his $420.00 stated earnings and concluded that his weekly earnings were about $600.00.
These observations are fortified by the husband's March 14, 1991 financial affidavit which reflects total weekly income of $569.96 with a total cash value of assets of $150,900.00.
The defendant wife's current financial affidavit of April 2, 1992 reflects weekly support and or alimony payments of $233.00 from the plaintiff husband as her only source of income. Her September 3, 1991 financial affidavit listed net weekly income of $349.00. She attributes the decrease to the fact that she no longer works for her father as a school bus driver because of the need to care for her own children, her current health problem of "chronic fatigue syndrome" and her educational pursuits. Her liabilities have increased from $865.00 in September of 1991 to $11,550 on April 2, 1992. She claims to be in "quite a hole financially."
The court has carefully considered all of the evidence and testimony presented by the opposing parties including the husband's financial affidavits of March 14, 1991, July 11, 1991 and March 26, 1992 as well as the wife's financial affidavits and all of the other exhibits offered. The court has further observed the husband and wife as they testified and has noted their demeanor, appearance, attitude, expressions, interest in the matter, bias, candor, sincerity and the other indices of truthfulness and credibility. The court has further considered all of the applicable statutes and case law pertaining to the issues involved and in particular Connecticut General Statutes46b-81(c), 46b-82, 46b-84b and 46b-86, in its determination of this matter.
It is not the function of this court to either retry the dissolution proceeding or decide the husband's appeal. The issue before this court is whether the husband has showed a substantial change in the circumstances of either party so as to justify a modification of alimony, support and other prior orders at this time.
Based upon the foregoing, the court finds that the husband has not met his burden of proof and has failed to show the requisite substantial change in circumstances as to warrant a modification at this time. The husband's motion for CT Page 4587 modification is denied.
The wife has filed a motion for contempt. The parties stipulated for the record that the husband has been paying $233.00 per week since the date of the trial court's decision in November of 1991. However, the wife contends she should be receiving $345.38 in accordance with that decision. The husband's motion for stay was denied and his motion for review of said denial was also denied by the Appellate Court. Therefore, the court finds that the husband has been under paying his wife in the amount of $112.38 a week since November 8, 1991, a period of 27 weeks. He is now in arrears $3,034.26 and is ordered to pay said amount.
BALLEN, JUDGE
CT Page 4587